And they say that in the instant case this proximate cause is to be found in the bad condition of the track and the overloading of the cars.

If it be conceded that the defective condition of the track, or the overloading of the cars, caused the derailment, and that this was due to the negligence of the defendant company, this negligence could have been the proximate, or legal, cause of the injury only if the injury had occurred while the derailment was in progress, or, in other words before the physical forces set in motion by it, or, let us say, by the bad condition of the track, or the overloading of the cars, had come to rest. After these physical forces had come to a complete rest, what occurred subsequently was not caused by them, but by some other operating agency. The situation of the cars after the derailment was nothing more than a condition upon which these subsequent agencies operated. Schoultz v. Eckardt Mfg. Co., 112 La. 568, 36 South. 593, 104 Am. St. Rep. 452.

We do not wish to be understood as holding that an employé is justified in knowingly using a defective instrument, tool, or appliance, taking the risks, simply because a promise has been made by the employer to repair the instrument or to furnish another. It has not been necessary to pass on that point, and we have not done so.

The judgment appealed from is set aside, and the suit is dismissed, with costs in both courts.

---

(71 South. 773)

No. 20947.

STATE ex rel. NEW ORLEANS LAND CO. v. REGISTER OF CONVEYANCES et al.

(April 24, 1916.)

(Syllabus by the Court.)

1. MANDAMUS ⊜82 — SUBJECTS OF RELIEF —CANCELLATION OF RECORDS.

Mandamus is not a proper proceeding to cancel inscriptions on the books of the recorder of conveyances.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 139, 177–179; Dec. Dig. ⊜82.]

2. RECORDS ⊜6 — RECORDING WRITTEN INSTRUMENTS—NOTARIAL ACT.

An affidavit by former owners, in the form of a notarial act, containing a disclaimer of title to certain real estate, and an acknowledgment of title and possession in another, is a proper subject of inscription on the books of the recorder of conveyances.

[Ed. Note.—For other cases, see Records, Cent. Dig. § 7; Dec. Dig. ⊜6.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge pro tem.

Application by the State, on the relation of the New Orleans Land Company, for mandamus to the Register of Conveyances and the Nylka Land Company, Limited. Judgment for relator, and defendant Land Company appeals. Reversed, and suit dismissed.

Wm. Winans Wall, of New Orleans, for appellant. Charles Louque, of New Orleans, for appellee.

LAND, J. This is a proceeding by mandamus to cancel from the conveyance records of the parish of Orleans certain documents which the defendant company claims as muniments of title to a certain tract of land fronting on Gentilly Road. The documents include an auditor's deed, a sale for city taxes, a judgment of the civil district court,

and an affidavit made by Hamilton Sims and wife.

The defendant company excepted to the petition and proceedings on the ground:

"That there is no law authorizing the cancellation of title to real estate from conveyance records by rule, summary process, or mandamus."

The exception was in terms overruled, but the judgment only ordered the cancellation of the affidavit. The defendant company has appealed.

We quote from brief of counsel for relator and appellee:

"The cancellation of said registry is sought on the ground, as alleged:

, "That said affidavit is false in every respect and is a fraud attempted to be perpetrated on your petitioner (the New Orleans Land Company) as owner of the Morgan tract, described in the deed hereto annexed wherein P. H. Morgan sells to the New Orleans Land Company."

The legal contention of the relator is that an affidavit is not and cannot be considered as a title to real estate, and that the truth or falsity of the contents of a recorded affidavit relating to real estate may be inquired into and adjudged in a mandamus proceeding.

In the affidavit signed by Sims and wife, it is stated that he purchased the property by notarial act in December, 1864, and had been in undisturbed possession of the same to the date of the affidavit, August 1, 1913; that the property was sold to the state for delinquent taxes "during the year 1880 to 1885," and was conveyed by the state through mesne conveyances to the Nylka Land Company, and forms a part of the property conveyed by certain judgments of the civil district court.

Sims and wife further declared that "the purpose of the affidavit and quitclaim is to place in authentic form the facts as enumerated herein," which vested possession and ownership of the tract in said company. "which affiants declare to be the true and lawful owner of said property, and which they now hold for said company."

The affidavit contains a formal recognition of, and acquiescence in, the tax title of the defendant company, by the former owners of the property, and a formal declaration by the affiants that they held possession of the property for said company. If Sims and wife were the former owners of the tract of land, their affidavit amounts to a ratification of the tax sale, and of the title and possession of the defendant company.

The relinquishment of title by Sims and wife had the legal effect of an estoppel against the subsequent assertion by them, their heirs and assigns, of any right, title, and interest in the property. Williams v. Drew, 47 La. Ann. 1622, 18 South. 623. The common-law doctrine has been thus expressed:

"One who, by his renunciation or disclaimer of a right or title, has induced another to believe and act thereon, is estopped afterward to assert such right or title." 16 Cyc. 757.

The affidavit presents the much stronger case of the recognition of legal title in, and surrender of possession to, the Nylka Land Company.

The affidavit, in the form of a notarial act, was properly recorded, as it related to and affected title to real estate, and its registry was necessary to protect rights therein of the Nylka Land Company, as unrecorded instruments relating to real estate do not affect third persons.

The case of Raymond v. Villere, 42 La. Ann. 488, 7 South. 900, is fatal to the contention of the relator that mandamus is a proper proceeding to cancel inscriptions on the conveyance books. In that case the court held that parties in whose favor such inscriptions exist cannot be forced to appear as defendants in mandamus suits to litigate their rights of ownership.

We approve and reaffirm this doctrine.

It is therefore ordered that the judgment

below be reversed, and it is now ordered that this suit be dismissed, and that the relator pay costs in both courts.